IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY J. VITARI, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 2:20-267 |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security[1], | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

# OPINION
## and
# ORDER OF COURT

## SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 17, 21]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 18, 22]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment and denying Defendant's Motion for Summary Judgment.

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB")

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is therefore automatically substituted for Andrew M. Saul as the Defendant in this suit.

under Title II of the Social Security Act ("Act"). On or about March 16, 2017, Plaintiff applied for DIB. [ECF No. 15-5 (Ex. 1D)]. In her application, she alleged that she became disabled on November 2, 2012, due to severe depression, anxiety, fibromyalgia, hypertension, degenerative joint disease, and Hashimoto's Disease. [ECF Nos. 15-5 (Exs. 3E, 4E)]. Plaintiff's date of birth is July 20, 1960, and she was over 50 years old on her alleged onset date. [ECF No. 15-5 (Ex. 1D)]. Plaintiff's date last insured was December 31, 2017. [ECF No. 15-2 at 17].[2] The state agency denied her claims initially, and she requested an administrative hearing. [ECF No. 15-4 (Ex. 4B)]. Administrative Law Judge ("ALJ") Karen B. Kostol held a hearing on January 28, 2019, at which Plaintiff was represented by counsel. [ECF No. 15-2 at 30-65]. Plaintiff appeared at the hearing and testified on her own behalf. Id. A vocational expert also was present and testified. Id. at 59-64. At the hearing, Plaintiff elected to amend her disability onset date to December 2, 2016. [ECF No. 15-2 at 15, 35-36 & 15-5 (Ex. 9D)]. In a decision dated February 13, 2019, the ALJ found that Plaintiff was capable of performing her past relevant work as a clerk typist and a personnel clerk, and, therefore, that Plaintiff was not disabled under the Act. [ECF No. 15-2 at 15-24]. Plaintiff requested review of the ALJ's determination by the Appeals Council, and, on February 4, 2020, the Appeals Council denied Plaintiff's request for review. [ECF No. 15-2 at 1-6]. Having exhausted all of her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 17, 21]. The issues are now ripe for my review.

---

[2] To receive DIB, Plaintiff must establish that she became disabled prior to December 31, 2017, the date on which her insured status expired, or "date last insured." 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. § 404.131(a).

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Regardless of "the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (U.S. 2019). Substantial evidence has been defined as "more than a mere scintilla." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek, 139 S. Ct. at 1154. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B.      WHETHER THE ALJ PROPERLY EVALUATED THE MEDICAL OPINION EVIDENCE**

Residual functional capacity ("RFC") refers to the most a claimant can still do despite her limitations. 20 C.F.R. § 404.1545(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of her own limitations. Id. Ultimately, however, the responsibility for determining a claimant's RFC rests with the ALJ. 20 C.F.R. §§ 404.1527(d); 404.1546; Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011).

Here, the ALJ found that Plaintiff had severe impairments, including hypothyroidism, chronic abdominal pain, mild diverticulosis, intermittent diarrhea/constipation, chronic gastritis, fibromyalgia, depressive disorder, and anxiety disorder. [ECF No. 15-2 at 18]. She then found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 18-19. The ALJ further found that Plaintiff had the RFC to perform light work with the following limitations: she could climb ramps and stairs only occasionally; was capable of work in a low-stress job defined as having only occasional decision-making required, and occasional changes in the work setting; and was capable of occasional interaction with the general public, coworkers, and supervisors. [ECF No. 15-2 at 19-24]. The ALJ ultimately concluded that Plaintiff could perform her past relevant work as a clerk typist and personnel clerk, as that work is generally performed, and, therefore, that Plaintiff was not disabled within the meaning of the Act. Id. at 24.

Plaintiff argues that the ALJ's mental RFC finding is erroneous because it is inconsistent with medical opinion evidence to which the ALJ gave weight. [ECF No. 18, at 7-10].[3] Specifically, Plaintiff avers that, although the ALJ gave the opinion of state agency physician, Arlene Rattan, some weight, she then failed to include all of Dr. Rattan's credited limitations into the RFC. See id. Plaintiff further contends that Plaintiff's treating psychiatrist, Dr. Frye, likewise found moderate limitations similar to those found by Dr. Rattan, and that the ALJ did not adequately explain how or why he failed to credit Dr. Frye's restrictions despite giving Dr. Frye's opinion partial weight. Id. at 12-14. After careful consideration, I agree that remand is necessary on this issue.

Unless a treating physician's opinion is given controlling weight, the ALJ must consider all relevant factors that tend to support or contradict any medical opinions of record, including the

---

[3] Plaintiff does not contest the ALJ's evaluation of her physical impairments.

patient/physician relationship; the supportability of the opinion; the consistency of the opinion with the record as a whole; and the specialization of the provider at issue. Id. § 404.1527(c)(1)-(6). "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." Id. § 404.1527(c)(4).[4]

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. Id. Similarly, under 20 C.F.R. § [404.1527]([c])(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

Becker v. Comm'r of Soc. Sec. Admin., 403 F. App'x 679, 686 (3d Cir. 2010). The ultimate issue of whether an individual is disabled within the meaning of the Act is for the Commissioner to decide. Thus, the ALJ is not required to afford special weight to a statement by a medical source that a claimant is "disabled" or "unable to work." See 20 C.F.R. § 404.1527(d)(1), (3); Dixon v. Comm'r of Soc. Sec., 183 F. App'x 248, 251-52 (3d Cir. 2006) ("[O]pinions on disability are not medical opinions and are not given any special significance.").

Although the ALJ may choose whom to credit when faced with a conflict, she "cannot reject evidence for no reason or for the wrong reason." Diaz v. Comm'r of Soc. Sec., 577 F.3d

---

[4] Although the regulations governing the evaluation of medical evidence have been amended, the version effective March 27, 2017, does not apply to the present claim. See 20 C.F.R. § 404.1527 (2017); 20 C.F.R. § 404.1520c (2017).

500, 505 (3d Cir. 2009). The ALJ must provide sufficient explanation of her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981). That is, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 203-04 (3d Cir. 2008).

Here, state agency psychologist Rattan found that Plaintiff was moderately limited in a number of areas involving sustained concentration and persistence, including: the ability to maintain attention and concentration for extended periods; the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and the ability to complete a normal workweek without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. [ECF No. 15-3 (Ex. 1A)]. Dr. Rattan also found moderate social interaction limitations in the ability: to interact appropriately with the general public; to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and the ability to accept instructions and respond appropriately to criticism from supervisors. See id. In her narrative MRFC explanation, Dr. Rattan opined that Plaintiff's basic memory processes were intact; that she could perform simple, routine, repetitive tasks in a stable environment; she could make simple decisions and carry out very short and simple instructions; she was able to maintain socially appropriate behavior; she was capable of asking simple questions and accepting instruction; and that she could sustain an ordinary routine and adapt to routine changes without special supervision. See id.

Plaintiff's treating psychiatrist, Dr. Frye, also opined that Plaintiff had limitations related to her mental impairments in a Medical Assessment of Ability to Do Work-Related Mental Activities

7

completed on March 30, 2017. [ECF No. 15-8 (Ex. 10F)]. Although some of Dr. Frye's opined limitations were more restrictive than Dr. Rattan's, he also found that Plaintiff had moderate limitations in her ability: to interact with supervisors; maintain attention/concentration; understand, remember, and carry out complex job instructions; relate predictably in social situations; and demonstrate reliability. See id. Dr. Frye further opined that Plaintiff was markedly limited in her ability to deal with the public; and extremely limited in her ability to deal with work stress. See id.

In her opinion, the ALJ gave Dr. Rattan's opinion "some weight" but noted that Plaintiff "consistently demonstrated good attention and memory on mental status evaluations and she displayed improvement after returning to her hometown to live." [ECF No, 15-2, at 23]. Other than her comments appearing to dispute Dr. Rattan's limitations regarding Plaintiff's memory and attention, the ALJ does not indicate the portions of Dr. Rattan's opinion with which she agrees or disagrees. Thus, it is unclear which parts of Dr. Rattan's assessment the ALJ gave weight. As set forth above, the only mental limitations contained in the RFC are restrictions to a low-stress job defined as having only occasional decision-making required and occasional changes in the work setting; and occasional interaction with the general public, coworkers, and supervisors. [ECF No. 15-2, at 19]. The RFC does not contain any obvious limitations relating to Dr. Rattan's findings of moderate impairments as to, for example, performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances, completing a normal workday or week without interruption from psychologically based symptoms, or performing at a consistent pace without an unreasonable number/length of rest periods. Nor does the ALJ's opinion explain why such limitations were not included.

Similarly, the ALJ gave Dr. Frye's opinion partial weight, but failed to explain which portions she accepted or rejected, and to what extent. Id. at 23. Instead, the ALJ stated only that

"to the extent that any particular recommendation is supported by the objective medical records, the [ALJ] has included such limitation in the residual functional capacity." Id.

I agree with Plaintiff that the ALJ's conclusory explanations in this regard are deficient and fail to provide a sufficient explanation to allow for meaningful review. Certainly, the ALJ is not required to accept the medical opinions at issue at all, much less do so wholesale. The ALJ, however, must provide sufficient explanation of her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. Cotter, 642 F.2d at 705. To that end, an ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 121-22 (3d Cir. 2000). "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" See Lanza v. Astrue, No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009) (quoting Colon v. Barnhart, 424 F. Supp.2d 805, 812 (E.D. Pa 2006)). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" Burnett, 220 F.3d at 121-22 (quoting Cotter, 642 F.2d at 705). Without the same, a reviewing court cannot make a proper determination of whether the ALJ's decision is based on substantial evidence. Id.

Here, the ALJ failed to articulate sufficiently the portions of Dr. Rattan's or Dr. Frye's opinions to which she gave some or partial weight. This failure to provide an adequate explanation prohibits me from conducting a proper and meaningful review. Therefore, I find the ALJ erred in this regard and that remand is warranted on this issue.

Defendant's arguments to the contrary are without merit. For example, Defendant argues that the moderate limitations Dr. Rattan assessed in Section I of the Disability Determination

Explanation form were not an RFC assessment. Citing the SSA's Program Operations Manual System ("POMS"), Defendant asserts that the Section I questions are merely a worksheet and that the actual mental RFC assessment is contained in the narrative discussion that follows the questions. [ECF No. 22, at 13 citing POMS DI 24510.060(B.2.a)]. Even if accurate, however, Defendant's interpretation does not change my analysis because the ALJ's MRFC here also fails to account for all of the limitations set forth in Dr. Rattan's narrative, including a limitation to simple, routine, repetitive tasks and/or simple instructions or decision making. [ECF Nos. 15-2 at 19; 15-3 (Ex. 1A)].[5] To the extent Defendant attempts to expand on the ALJ's reasoning by citing additional supporting record evidence, it is improper for me to consider such *post hoc* arguments here. See Fargnoli v. Massanari, 247 F.3d 34, 44 n.7 (3d Cir. 2001) (confirming that the review of an administrative order must be judged on those bases set forth and disclosed in that order; to consider *post hoc* rationalizations not listed by the ALJ runs contrary to law).

Finally, any error in this regard is not harmless. When the ALJ asked the VE if an individual limited to simple, routine, repetitive tasks could perform Plaintiff's past work, the VE responded that such a restriction would *eliminate* Plaintiff's past work because those jobs were semiskilled and involved more tasks than simple repetitive work. [ECF No. 15-2 at 63-64]. Here, the ALJ stopped his analysis at past relevant work and did not make any alternative findings as to other work available in the economy that Plaintiff could perform. The VE also testified that there would be no jobs available if an individual would be off task or miss work 20 percent of the workweek or

---

[5] As set forth above, Dr. Rattan's narrative opined that Plaintiff's basic memory processes were intact; that she could perform simple, routine, repetitive tasks in a stable environment; she could make simple decisions and carry out very short and simple instructions; she was able to maintain socially appropriate behavior; she was capable of asking simple questions and accepting instruction; and that she could sustain an ordinary routine and adapt to routine changes without special supervision. [ECF No. 15-3 (Ex. 1A)].

greater. See id.[6]

For all of these reasons, remand is appropriate on the above issues.

## III. **CONCLUSION**

Under the Social Security regulations, a federal district court reviewing the decision of the Commissioner denying benefits has three options. It may affirm the decision, reverse the decision and award benefits directly to a claimant, or remand the matter to the Commissioner for further consideration. 42 U.S.C. § 405(g) (sentence four). In light of an objective review of all evidence contained in the record, I find that the ALJ's decision is not supported by substantial evidence because, in discussing Plaintiff's RFC, the ALJ failed to adequately explain the weight given to the medical opinion evidence as set forth more fully herein. The case therefore is remanded for further consideration in light of this Opinion. In remanding on the points herein, I make no findings as to whether Plaintiff can perform her past relevant work or otherwise is or is not disabled. I simply find that I cannot properly evaluate the ALJ's opinion on the record before me. For these and all of the above reasons, Plaintiff's Motion for Summary Judgment is granted to the extent set forth herein, and Defendant's Motion for Summary Judgment is denied. An appropriate Order follows.

---

[6] Plaintiff further argues that a limitation to simple, routine, repetitive tasks would negate the transferability of skills, and, that, given her age (56) and light RFC, she would be disabled pursuant to Grid Rule 201.14. [ECF No. 18 at 13-14]. I make no ruling as to the applicability of the Grid Rules in this case, except to note that Grid Rule 201.14 applies to sedentary, not light, work for individuals closely approaching advanced age. See 20 C.F.R. Part 404, App'x 2, Grid Rule 201.14. Plaintiff also contends that the ALJ's RFC finding is irreconcilable with her Paragraph B finding at Step 3 that Plaintiff has moderate restrictions as to concentration, persistence, and pace. [ECF No. 18 at 10-14]. Again, I need not address this issue because I already have ruled that the ALJ's discussion of concentration, persistence, and pace limitations was inadequate. I note, however, that the Paragraph B findings are not an RFC assessment. In addition, it is unclear what specific degree of limitation the ALJ assigned to each of the Paragraph B criteria at Step Three. The ALJ states only that Plaintiff had "no more than" moderate limitations in any of these areas. [ECF No. 15-2 at 18-19].

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY J. VITARI, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 2:20-267 ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security[1], | ) ) ) |
| Defendant. | ) ) |

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 17th day of August, 2021, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment [ECF No. 17] is GRANTED to the extent that Plaintiff seeks remand for further consideration and the matter is REMANDED to the Commissioner for further proceedings consistent with the Opinion attached hereto. Defendant's Motion for Summary Judgment [ECF No. 21] is DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is therefore automatically substituted for Andrew M. Saul as the Defendant in this suit.